■ In the Matter of RALPH WIDMAIER, Respondent, v TOWN OF CLARKSTOWN et al., Appellants. [618 NYS2d 53] —In a proceeding pursuant to CPLR article 78 to review a determination dated January 6, 1993, which directed the petitioner to install concrete curbs and sidewalks in a subdivision, the appeal is from a judgment of the Supreme Court, Rockland County (Ingrassia, J.), dated May 13, 1993, which annulled the determination.

Ordered that the judgment is affirmed, without costs or disbursements.

In 1986, the petitioner submitted an application to the Planning Board of the Town of Clarkstown (hereinafter the Board) for approval of a six-lot subdivision in Congers. At a March 26, 1986, meeting, the Board granted preliminary approval subject to the fulfillment of a number of modifications, none of which included the installation of curbs or sidewalks. During that meeting, the Deputy Director of the Town Department of Environmental Control stated that the

installation of concrete curbing did not seem appropriate for the subdivision. Final approval of the project was thereafter granted, and a subdivision map was signed by the Chairman of the Planning Board in 1987.

Thereafter, the petitioner built homes on four of the lots, obtained certificates of occupancy from the Town Building Department, and sold the homes. When the petitioner applied for a certificate of occupancy for the fifth home in 1992, the first Deputy Director of Environmental Control sent the petitioner a letter stating, in essence, that no certificates of occupancy would be issued until concrete curbing and sidewalks had been installed throughout the entire subdivision.

The petitioner commenced the instant proceeding challenging that determination, arguing that the Board had waived the requirement. The Board claimed that the installation of curbing and sidewalks had not been waived and that the petitioner was required to comply with Town law. The Supreme Court granted the petition, finding that the Board had waived the requirement. We affirm.

The minutes of the March 26, 1986, meeting reveal that the Board considered the waiver and discussed the requirement of a berm rather than concrete curbing. Significantly, the subdivision map, which was signed by the Chairman of the Planning Board, makes no reference to curbs or sidewalks, although it makes explicit references to other public improvements such as streets, easements, parks and sanitary facilities. Moreover, the letter of credit of $10,000 required by the Department of Environmental Control to assure the installation of all public improvements was clearly insufficient to cover the installation of curbs and sidewalks. Furthermore, the communities adjoining the subdivision did not have any curbs or sidewalks. In addition, the petitioner obtained four certificates of occupancy from the Town without regard to curbs or sidewalks. Accordingly, we agree with the Supreme Court that the Board waived the requirement that the petitioner install concrete curbing and sidewalks in the subdivision (see, Town Law § 277 [7]). Balletta, J. P., Rosenblatt, Miller and Ritter, JJ., concur.